IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RODRIGUEZ, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 11788 |
| v. | ) ) | Judge Robert W. Gettleman |
| LKQ PICK YOUR PART MIDWEST, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff David Rodriguez brought a complaint against defendant in the Circuit Court of Cook County. Defendant removed the case to this court, asserting diversity jurisdiction. Defendant then amended its notice of removal, adding the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), as an alternative ground for federal jurisdiction. Plaintiff moves to remand (Doc. 27). For the reasons below, that motion is granted.

Plaintiff makes two arguments for remand. First, plaintiff argues that there is not diversity jurisdiction under 28 U.S.C. §1332(a), because the complaint cannot be read to allege more than $75,000 in controversy. Second, plaintiff argues that defendant's amended notice of removal improperly adds a new ground for jurisdiction after the expiry of the thirty-day deadline. The court will address these issues in turn.

 **A. Jurisdictional threshold under 28 U.S.C. § 1332(a)**

The original notice of removal alleges that this court has diversity jurisdiction under 28 U.S.C. § 1332(a). Among other requirements that are not challenged here, § 1332(a) requires that, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

1

costs." 28 U.S.C. §1332(a).

The complaint is centered upon defendant's allegedly deceptive business practice. Defendant runs a self-service salvage yard where customers are invited to remove used parts from vehicles for purchase. According to the complaint, customers are automatically charged for a 90-day warranty without prior information or consent, and defendant refuses to refund it to customers who demand so. Plaintiff alleges that he purchased a salvaged car radio and was charged for a warranty without his consent. He alleges that the nonconsensual warranty surcharge was equal to roughly 30% of the price of the radio he purchased. Plaintiff brings the complaint on behalf of a putative class of individuals who, like him, were charged for a warranty without their consent.

Plaintiff argues that his individual claim cannot exceed $75,000. Essentially, the argument is that the amount-in-controversy alleged in the complaint is 30% of the price of a salvaged car radio, which cannot be $75,000. Additionally, plaintiff correctly states that the claims of class members may not be aggregated in order to satisfy the jurisdictional amount requirement. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977 (7th Cir. 2000). According to plaintiff, the only way that defendant can clear the $75,000 jurisdictional threshold is by improperly aggregating class claims.

Defendant, in its original notice of removal, points to the amounts alleged in the prayers for relief. Defendant points out that Counts Two, Three, and Four pray for actual and compensatory damages in excess of $50,000. Defendant also argues that all the damages prayed for in the complaint, including punitive damages, can be factored into the amount-in-controversy calculation. Defendant also argues that the affidavit submitted with the complaint, which states

2

that "[t]he total of money damages sought by plaintiff does exceed $50,000.00, exclusive of interest and costs," does not say anything about class-wide relief.

The removing party, here, defendant, bears the burden of establishing jurisdiction. See Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 679 (7th Cir. 2006). In cases where plaintiff's good faith allegation that the amount in controversy exceeds $75,000 is uncontested, "the courts will accept the plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995) (internal quotation omitted). Here, in contrast, plaintiff contests defendant's allegation that the amount in controversy exceeds $75,000. Thus, the "legal certainty" standard is not applicable. Instead, "[b]ecause [defendant] is the proponent of jurisdiction, it has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." Oshana v. Coca–Cola Co., 472 F.3d 506, 511 (7th Cir.2006)

The court finds that defendant has failed to carry its burden to show that the amount-in-controversy requirement is met by a preponderance of evidence. As an initial matter, plaintiff is correct that defendant may not aggregate class-wide claims to satisfy § 1332(a)'s amount-in-controversy requirement. See Del Vecchio, 230 F.3d at 977. The amount-in-controversy requirement applies to plaintiff's individual claims, not the aggregated claims that plaintiff asserts on behalf of a class. See Snyder v. Harris, 394 U.S. 332, 336-37 (1969). Defendant's argument that the affidavit does not mention class claims is at best irrelevant, because the complaint clearly alleges its claims on behalf of a class. Each prayer for relief that defendant refers to begins with: "WHEREFORE, Plaintiff, individually and on behalf of the Class."

3

Defendant has not offered any evidence that plaintiff's individual claim could exceed $75,000. Plaintiff submitted evidence to the contrary. In an uncontested affidavit, plaintiff states that the total purchase price of the salvaged car radio and disputed warranty was approximately $20. To state the obvious, $20 is a long way from $75,000, even after adding possible punitive damages and individual injunctive relief. See W.C. Motor Co. v. Talley, 63 F. Supp. 3d 843, 851 (N.D. Ill. 2014) (explaining that "[l]ike punitive damages, attorney fees must be divided pro rata among [named plaintiff] and the absent class members to compute the amount in controversy"). Defendant has failed to offer any evidence to rebut this common-sense conclusion, instead relying on an unconvincing reading of the complaint. Consequently, defendant has not carried its burden to show that the amount-in-controversy requirement has been met by a preponderance of the evidence, and the court finds that it does not have jurisdiction under § 1332(a).

### B. CAFA jurisdiction and amendment of the notice of removal

Defendant filed an amended notice of removal asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). This amended notice of removal was filed on November 18, 2025. It is undisputed that defendant was initially served with the summons and complaint on August 27, 2025.

Plaintiff argues that the addition of CAFA as a new ground for jurisdiction is improper. According to plaintiff, the 30-day removal window expired on September 28, 2025. Because that deadline had passed when defendant filed its amended notice, plaintiff argues that defendant was prohibited form asserting a new ground for jurisdiction. In addition, plaintiff contends that 28 U.S.C. § 1653 does not permit the addition of new jurisdictional grounds. Finally, according to plaintiff, the 30-day removal window closed on defendant because it possessed the knowledge

4

required to assert CAFA jurisdiction and failed to do so.

Defendant argues that the addition of CAFA jurisdiction is permissible for two reasons. First, according to defendant, amendments to correct defective allegations of jurisdiction under 28 U.S.C. § 1653 are permitted even after thirty days have elapsed because they relate back to the original, timely notice of removal. Second, defendant argues that the thirty-day clock did not begin on August 27, 2025. Defendant argues that the thirty-day clock begins to run only when a pleading or other paper makes the unambiguous showing that the case is removable. According to defendant, the complaint did not unambiguously show that the damages would satisfy the CAFA jurisdictional minimum of $5 million. Thus, defendant contends that removal based on CAFA is not time-barred because the thirty-day clock never began to run.

The court finds that defendant's attempted amendment of its original notice of removal is not permitted under 28 U.S.C. § 1653. That statute states that: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." There is a distinction between amending a defective allegation of jurisdiction and asserting a new basis of jurisdiction. District courts in this circuit have consistently held that § 1653 permits the former but not the latter. See, e.g., Samori v. Ralphs Grocery Co., No. 1:20-CV-02001, 2021 WL 1212798, at *4 (N.D. Ill. Mar. 31, 2021) (holding that "a removing defendant may not, after the 30-day deadline has passed, add new or different *grounds* for federal jurisdiction than those stated in the original notice"); Brown v. Alter Barge Line, Inc., 461 F. Supp. 2d 781, 785 (S.D. Ill. 2006) (same); Bova v. U.S. Bank, N.A., 446 F. Supp. 2d 926, 937 (S.D. Ill. 2006) (same); Alsup v. 3-Day Blinds, Inc., 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006) (same).

Courts from other jurisdictions have generally read § 1653 in accord with the view that

5

"prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter…defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (rev. 4th ed. 2020) (collecting cases). In Fernandez v. Kerry, Inc., No. 17 C 8971, 2020 WL 1820521 (N.D. Ill. Apr. 10, 2020), the case that defendants rely on, the court permitted amendment of the notice of removal to add CAFA as a separate basis of jurisdiction after determining that it already had diversity jurisdiction. In contrast, here, the court has determined that it does not have diversity jurisdiction based on the original notice of removal.

Having determined that defendant may not amend its notice of removal to add CAFA as a new basis for jurisdiction under § 1653, the court finds that 28 U.S.C. § 1446 does not provide a mechanism for defendant to remove the case to federal court. Defendant argues that removal based on CAFA under § 1446 is not time-barred because the "thirty-day clock for purposes of CAFA removal has not started in this case because Plaintiff's complaint does not unambiguously allege the aggregate amount in dispute." Defendant's argument fundamentally misunderstands the operation of 28 U.S.C. § 1446. The statute gives defendants 30 days from "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" to file a notice of removal. § 1446(b)(1). In cases where the initial pleading does not state a case that is removable, § 1446(b)(3) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The crucial point here is that § 1446(b) governs not only the <u>timeliness</u> of removals, but also the <u>ability</u> of defendants to file a notice of removal.

Defendant's argument is self-defeating. Defendant argues that "the thirty-day clock to file a notice of removal never started in this case because Plaintiff's complaint does not unambiguously allege the aggregate amount in dispute, instead requiring [defendant] to query and calculate revenue figures to ascertain whether more than $5 million is at issue." But a notice of removal may be filed only on the receipt or filing of the "initial pleading" under § 1446(b)(1) or "amended pleading, motion, order or other paper" under § 1446 (b)(3). Defendant unequivocally states that none of these are the basis of defendant's removal based on CAFA. Instead, defendant's assertion of CAFA jurisdiction is based on the knowledge it gained from its own inquiry.

There is simply no mechanism under § 1446 that permits defendant to file a notice of removal based on its own subjective knowledge. The authorities that defendant relies upon make this clear. See, e.g., Railey v. Sunset Food Mart, Inc., 16 F.4th 234, 241 (7th Cir. 2021) (holding that "[w]e stand fully by our prior determination that district courts are not required to engage in a fact-intensive inquiry about what the defendant subjectively knew") (internal quotation omitted); Walker v. Trailer Transit, Inc., 727 F.3d 819, 825 (7th Cir. 2013) (holding that the timeliness of removal does not depend on "what the defendant subjectively knew or should have discovered through independent investigation….as the text of the rule itself makes clear, the 30–day clock is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation").

Defendant took the oft repeated metaphor of the "30–day clock" too literally. As a result, defendant advances the misguided argument that the clock has not run out on CAFA removal, because the clock never began to run in the first place. But the mechanism of § 1446 is better understood as a window than a clock. There is a window to remove to federal court that opens

7

upon the receipt or filing of "pleadings, papers, and other litigation materials," Walker, 727 F.3d at 825, and closes after 30 days. Defendant's argument that "the clock never began to run" is inadvertently an argument that "the window never opened." Consequently, the court rejects defendant's attempt to remove the case under § 1446 based on CAFA.

## CONCLUSION

For the above reasons, the motion to remand (Doc. 27) is granted. The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith.

ENTER:

Robert W. Gettleman
United States District Judge

**DATE: February 11, 2026**